IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAWN G. and TONY G., as parents and next friend of D.B., a minor,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-135-L** |
| **MABANK INDEPENDENT SCHOOL DISTRICT,** | § § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This is an action for attorney's fees brought pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I) of the Individuals with Disabilities Education Act ("IDEA") by Plaintiffs, who are the parents of minor D.B., a disabled student enrolled at Mabank Independent School District ("MISD") during the time period at issue. Plaintiffs seek attorney's fees as the prevailing party of the administrative due process proceeding initiated by them against MISD. MISD filed a counterclaim in this action to appeal certain aspects of the decision of the hearing officer ("Hearing Officer") who presided over the administrative proceeding and determined that D.B. was not denied a free appropriate public education ("FAPE"), but nevertheless ordered MISD to take additional steps to assess and address D.B.'s behavioral issues stemming from his emotional disturbance disability classification. Plaintiffs disputed this classification. MISD also seeks attorney's fees and costs under section 1415(i)(3)(B)(i)(II) and (III) of the IDEA, based on its contention that this civil action and the administrative proceeding brought by Plaintiffs are frivolous, unreasonable, or without foundation

and were initiated for improper purposes such as harassment, unnecessary delay, and to increase costs.

Before the court is Plaintiffs' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment (Doc. 27), filed May 20, 2013, and Defendant Mabank Independent School District's Cross-Motion for Summary Judgment (Doc. 28), filed June 3, 2013. The parties' motions were referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 13, 2013, recommending that the court grant in part and deny in part both parties' motions. On December 27, 2013, MISD filed objections to the Report. Plaintiffs did not file objections to the Report, but they responded to MISD's objections on January 6, 2014. On January 20, 2014, MISD filed a reply in support of its objections.

After carefully considering and reviewing the pleadings, file, record, motions, Report, objections to the Report, response to the objections, reply in support of the objections, and applicable law, the court **accepts in part and rejects in part** the findings and conclusions of the magistrate judge; **grants in part and denies in part** Defendant Mabank Independent School District's Cross-Motion for Summary Judgment (Doc. 28); **denies** Plaintiffs' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment (Doc. 27); and **dismisses with prejudice** this action.

I.   **Factual and Procedural Background**

As previously noted, this case arises under the IDEA, 20 U.S.C. 1400 *et seq*. On April 4, 2012, Plaintiffs Dawn G. and Tony G. ("Plaintiffs"), as parents and next friend of D.B., a minor, sent an administrative due process hearing request ("Hearing Request") to MISD and the Texas Education

Agency ("TEA"). D.B. was first placed in special education in 2008. During the 2011 to 2012 school year when the Hearing Request was made, D.B. was in the seventh grade. In seventh grade, D.B. was eligible for special education services as a student with an "emotional disturbance." R. 5. Before 2007, D.B. was identified by MISD as eligible for special education services as a student with Other Health Impairment ("OHI") due to Attention Deficit Hyperactivity Disorder ("ADHD").

Over the years, MISD evaluated D.B. for all areas of suspected disability, including autism, OHI, and learning disabilities. In 2011, as part of a three-year evaluation, MISD assessed D.B. to determine whether he continued to meet the eligibility criteria for special education as a student with OHI due to ADHD and whether autism and emotional disturbance were more appropriate classifications. R. 6-7. The test results revealed that D.B. did "not display significant delays in verbal or non-verbal communication or any pragmatic language deficits that would otherwise indicate autism or a pervasisve developmental disorder." R. 7. It was therefore determined that it was "very unlikely" that D.B. suffered from Asperger's Disorder "and therefore autism was not an appropriate eligibility classification." *Id.*

According to Plaintiffs, the "[m]ajor issue" or "overriding substantive issue" presented by for resolution in the Hearing Request is their contention that D.B. was denied a FAPE because MISD failed to devise an appropriate Individual Education Plan ("IEP") for D.B in the least restrictive environment. R. 66. Plaintiffs contend that as a result of the denial of a FAPE, D.B. was deprived of educational benefits, and he and his parents' ability to participate in the decision-making process in his education was significantly impeded. Plaintiffs also presented the following "[s]ub-issues" for resolution:

**Memorandum Opinion and Order – Page 3**

1. **FBA/BIP:** MISD failed to conduct a timely and appropriate Functional Behavior Assessment ("FBA") and devise an appropriate Behavior Intervention Plan ("BIP") with positive behavior supports. According to Plaintiffs, D.B. was instead prematurely placed in a disciplinary alternative education program ("DAEP") over their objection, and that such placement caused him to not receive educational services on 10 or more days during the school year.

2. **Staff Training:** MISD failed to properly train its staff in implementing D.B.'s IEPs. Plaintiffs contend that one of the staff members belittled D.B.

3. **Evaluations/Assessments:** MISD failed to timely and appropriately assess and address D.B.'s needs because:

    a. <u>Misclassification of Disability</u>: MISD misclassified D.B. as eligible for disability services due to an "emotional disturbance"; however, D.B.'s learning disability is actually attributable to his suffering from Asperger's syndrome, ADHD, dyslexia, and OHI.

    b. <u>Three Year Evaluation</u>: MISD failed to assess D.B. at least every three years.

    c. <u>Dysgraphia/AT</u>: MISD failed to properly assess D.B. for dysgraphia and determine whether Assistive Technology ("AT") was appropriate to address his writing problems. MISD performed an AT assessment in 2009 but incorrectly concluded that AT was not appropriate for D.B. because he was slow at keyboarding; however, D.B.'s slowness at keyboarding was due to his not receiving keyboarding instructions. MISD failed to recognize this flaw in its decision regarding AT and failed to reassess the need for AT even though D.B.'s writing problems are obvious.

    d. <u>Failure to Offer ESY Services</u>: D.B. was denied Extended School Year ("ESY") services "even though he has failed to make meaningful progress, has regressed in some areas and/or has critical and emerging skills."

    e. <u>In-Home Training</u>: MISD failed to "assess and address [D.B.'s] need for in-home training." In 2007, MISD determined that D.B. had dyslexia tendencies and is providing dyslexia services but has failed to identify D.B. as having a learning disability and the services offered do not comply with the requirements for dyslexia services.

    f. <u>Counseling Assessment and Services</u>: MISD's 2009 assessment indicates that D.B. is eligible for services under OHI but "there has been no counseling assessment and no therapeutic counseling services offered or any therapeutic counseling goals/objections found in his IEPs. D.G. is currently classified by MISD as having an emotional disturbance, but there is no information in his evaluations or Admission

>   Review and Dismissal ("ARD") paperwork to support this classification, and there is no indication that MISD performed any after the assessment in 2009.

4. **Bullying:** D.B. was denied a FAPE as a result of MISD's failure to protect D.B. from bullying by staff and fellow students.

5. **Records and Notices:** MISD failed to respond to Plaintiffs' requests for records and videos pertaining to D.B. MISD falsified D.B.'s records, giving him passing grades for work that was not at grade level or passing. MISD's records of ARD deliberations note that D.B.'s placement in DAEP was improper. MISD failed to give Plaintiffs written notice of changes to D.B.'s services and programming that were implemented by the school district and MISD's denial of services and programs requested by Plaintiffs on D.B.'s behalf.

6. **Implementation:** MISD failed to implement D.B.'s IEP as written. For example, D.B.'s IEP accommodations, modifications, and services were not provided when he was suspended for ten or more days when he was in DAEP. MISD did not provide progress reports on D.B.'s IEP goals and objectives at the frequency that regular education students receive mid-term and grade reports and instead advised Plaintiff on February 16, 2012, that D.B. will continue to be sent home if he does not follow rules. Plaintiffs contend that D.B.'s placement in DAEP was improper because it was not positive intervention and was not included in his behavior plan.

7. **IEE Requests:** MISD failed to respond to Plaintiffs' requests for Independent Educational Evaluations ("IEE").

8. **Goals and Objectives:** MISD failed to devise objective and measurable goals and objectives based on D.B.'s present level of performance. Plaintiffs take issue with the following "present levels" statement and goal: "[D.B.] has good attendance and good personality . . . he will be successful on the objectives which are 'comply with staff instructions[,]' 'attempt and complete all assignments[,]' and 'interact with staff in a manner acceptable to the school environment.'"

R. 66-69. Plaintiffs contend that they exhausted all administrative requirements and requested a determination by the Hearing Officer in this regard.

For relief, Plaintiff requested a decision from the Hearing Officer: (1) determining that D.B. was denied a FAPE; (2) ordering MISD to provide D.B. an appropriate IEP that complies with the IDEA, plus "anything else that the hearing officer deems to be appropriate"; (3) ordering MISD to reimburse Plaintiffs for placement of D.B. in a private school if the parties are unable to agree on

**Memorandum Opinion and Order – Page 5**

an appropriate public school program; (4) ordering MISD to reimburse Plaintiffs for the cost of private assessments, "Brain Balance" testing, and mileage to and from testing; (5) ordering MISD to provide D.B. with compensatory educational services caused by the school's denying him a FAPE, in amounts and types to be determined by the Hearing Officer; and (6) any relief that the Hearing Officer or D.B.'s experts and evaluators deemed appropriate. R. 73-74. In response, MISD requested the Hearing Officer to deny all of Plaintiffs' IDEA claims on substantive grounds or, alternatively, based on its defenses of estoppel, statute of limitations, and failure to exhaust administrative remedies. The due process hearing was held on June 20-21, 2012. On September 12, 2012, the Hearing Officer rendered her decision, finding in substantial part for MISD on the issues presented.

Regarding the main substantive issue of contention, the Hearing Officer concluded that D.B. received a FAPE as required by the IDEA, and that "the IEPs in effect for the relevant period of time were reasonably calculated to provide [D.B.] with the requisite meaningful educational benefit." R. 19-22. The Hearing Officer also decided a majority of the sub-issues raised by Plaintiffs in MISD's favor after determining that: (1) the program developed by MISD provided D.B. with the requisite meaningful educational benefit with regard to academic skills, which was Plaintiffs' primary concern; (2) Plaintiffs had not met their burden with regard to most issues; or (3) the matters raised by Plaintiffs were barred by the applicable one-year statute of limitations. The Hearing Officer nevertheless determined that MISD should take certain additional steps to assess and address D.B.'s behavioral issues attributable to his emotional disturbance disability classification, which D.B.'s parents disputed in their Hearing Request and prior to filing their Hearing Request.

Plaintiffs subsequently brought this action under the IDEA seeking attorney's fees as prevailing parties. Plaintiffs contend that they are prevailing parties as a result of the relief they obtained in the administrative due process hearing. MISD counterclaimed, contending that the Hearing Officer erred and abused her discretion in ordering it to take additional limited action with respect to D.B. MISD further contends that even assuming the Hearing Officer did not err, Plaintiffs are not prevailing parties and are not entitled to attorney's fees because the relief awarded is de minimis, did not change the legal relationship of the parties, and does not foster the purposes of the IDEA. The parties filed cross-motions for summary judgment regarding their respective claims, which were referred to the magistrate judge for findings and recommendation. As previously noted, the magistrate judge recommended that both parties' summary judgment motions be granted in part and denied in part.

## II.   Standard of Review

A magistrate judge's determination regarding a dispositive matter is reviewed de novo when a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The standard of review that the court must apply in considering a challenge to a hearing officer's decision under the IDEA differs from the summary judgment standard outlined in *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *Venus Indep. Sch. Dist. v. Daniel S., ex rel. Ron S.*, No. 3:01-CV-1746-P, 2002 WL 550455, at *7 (N.D. Tex. Apr. 11, 2002) (citing *Heather S. v. State of Wis.*, 125 F.3d 1045, 1052 (7th Cir. 1997); and *Sylvie M. v. Board of Educ. of Dripping Springs Indep. Sch. Dist.*, 48 F. Supp. 2d 681, 694 (W.D. Tex. 1999)). Under the IDEA, "any party aggrieved by the finding and decision made [by a hearing officer following an impartial due process hearing], shall have the right to bring a civil action with respect to the complaint

presented . . . without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A), (3). In any such action, the court shall (i) receive the records of the administrative proceedings; (ii) hear additional evidence at the request of a party; and (iii) grant such relief as it determines appropriate based upon the preponderance of the evidence. *See* 20 U.S.C. § 1415(i)(2)(B). "[A]though the district court must accord 'due weight' to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence." *Klein Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 394 (5th Cir. 2012), *cert denied*, 133 S. Ct. 1600 (2013) (quoting *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997)). The district court's review of the hearing officer's award is therefore "virtually de novo." *Klein Indep. Sch. Dist.*, 690 F.3d at 394 (quoting *Cypress–Fairbanks Indep. Sch. Dist.*, 118 F.3d at 252). The "burden of "showing why the IEP and the resulting placement were inappropriate under the IDEA" remains at all times with the party attacking the appropriateness of the IEP established by the school district. *Id.* at 253.

### III.    MISD's Objections to the Report

#### A.    Whether the Award of Any Remedies was Appropriate

MISD contends that because the Hearing Officer determined that it did not deny D.B. a FAPE or violate the IDEA, the magistrate judge erred in ordering it to take additional limited action with respect to D.B. According to MISD, a denial of a FAPE is a prerequisite to any order of relief by the Hearing Officer. MISD therefore contends that the magistrate judge erred in finding that a denial of FAPE is not required for either an award of relief or a determination regarding prevailing party status in the parent's favor. In addition, MISD asserts that, even assuming Plaintiffs are correct that an award of remedies is appropriate for mere IDEA violations, the relief awarded or ordered here

was inappropriate because the Hearing Officer concluded that MISD complied with the IDEA. MISD further asserts that the cases relied on by the magistrate judge are not relevant to this issue because they only address whether the relief ordered rendered the parties prevailing parties. The court agrees that the issue of whether a party is a prevailing party is irrelevant to the issue presented by MISD. Thus, the rationale relied on by the magistrate judge was incorrect and is **rejected.** The court nevertheless **overrules** MISD's objections to this portion of the Report for the reasons that follow, as the magistrate judge reached the correct result. Specifically, the magistrate judge correctly concluded that the Hearing Officer did not err in ordering certain relief because denial of a FAPE is not necessary to an award of relief.

A district court's de novo review of the adequacy of an IEP is necessarily limited to two basic questions: "(1) Did the school district comply with the procedural requirements of the IDEA?; and (2) Is the IEP reasonably calculated to enable the student to receive educational benefits?" *Klein Indep. Sch. Dist.*, 690 F.3d at 398. Regarding the first inquiry, "procedural defects alone do not constitute a violation of the right to a FAPE unless they result in the loss of an educational opportunity[.]" *Id.* (quoting *Adam J. ex rel. Robert J. v. Keller Indep. Sch. Dist.*, 328 F.3d 804, 812 (5th Cir. 2003)). Thus, it is possible that a hearing officer could find procedural defects yet not find a denial of a FAPE. Here, although the Hearing Officer concluded that D.B's IEPs were reasonably calculated to enable him to receive educational benefit, the Hearing Officer nevertheless found that MISD had not complied with certain procedural requirements regarding assessments and services under the IDEA. The IDEA does not preclude a hearing officer from ordering a local educational agency to comply with statutory procedural requirements, 20 U.S.C. § 1415(f)(3)(E)(iii), and the record supports the Hearing Officer's decision in this regard. Accordingly, the court **accepts** the

Report to the extent that the magistrate judge recommended that MISD's summary judgment motion with respect to the Hearing Officer's authority to award relief despite her determination that D.B. was not denied a FAPE. The court, however, **rejects** the prevailing party rationale relied on by the magistrate judge in ruling on this issue.[1]

### B.     Whether Plaintiffs are Prevailing Parties

The magistrate judge concluded that Plaintiffs are prevailing parties as a result of the following relief awarded by Hearing Officer: in-home training assessment; increased counseling time; PT evaluation; OT evaluation; AT evaluation; and FBA. As to all other issues addressed by the Hearing Officer, the magistrate judge found that the Plaintiffs were not prevailing parties.[2] MISD contends that Plaintiffs are not prevailing parties as to any issue decided by the Hearing Officer and objects to the magistrate judge's findings that Plaintiffs prevailed on the aforementioned issues. For the reasons that follow, the court **sustains** MISD's objections. The court concludes, as herein explained, that Plaintiffs **are not** prevailing parties with respect to the following matters: in-home training assessment; increased counseling time; PT evaluation; OT evaluation; AT evaluation;

---

[1] In support of its summary judgment motion, MISD set forth a number of reasons why it believed that the Hearing Officer erred in ordering it to take certain limited additional measures with respect to D.B. In its objections to the Report, however, MISD only raised the global issue of whether the Hearing Officer had authority to order any relief given her determination that D.B. was not denied a FAPE. The court therefore limited it discussion to this issue. In its objections, MISD also raised a number of arguments regarding the propriety of the Hearing Officer's orders, but they were made in support of its contention that Plaintiffs are not prevailing parties. The court addresses Plaintiffs' prevailing party status in the next section; however, it is unnecessary for the court to delve into the aforementioned arguments by MISD because they are not dispositive of the court's resolution of whether Plaintiffs qualify as prevailing parties.

[2] In support of their contention that they are prevailing parties, Plaintiffs appear to rely in large part on the Hearing Officer's synopsis and summary of whether the various issues were decided in their favor or Defendant's favor. The Hearing Officer, however, has no authority to determine whether Plaintiffs are prevailing parties. Accordingly, the court is not bound by the Hearing Officer's determination and classifications as to whether the relief awarded favored Plaintiffs or Defendant, and such determination by the Hearing Officer is not relevant to the court's analysis of the issue of whether Plaintiffs are prevailing parties.

**Memorandum Opinion and Order – Page 10**

and FBA. The court therefore **rejects** the magistrate judge's findings and recommendation that Plaintiffs are prevailing parties with respect to issues pertaining to in-home training assessment; increased counseling time; PT evaluation; OT evaluation; AT evaluation; and FBA. As to other issues decided by the Hearing Officer, the magistrate judge found that Plaintiffs are not prevailing parties. The court **accepts** this finding and recommendation by the magistrate judge, which was not objected to by Plaintiffs.

### 1.     PT, OT, AT, and FBA

Before finding that Plaintiffs are prevailing parties as to the PT, OT, AT, and FBA issues, the magistrate recommended that the Hearing Officer's decision with respect to PT, OT, AT, and FBA be vacated. Plaintiff did not object to the magistrate judge's findings and recommendation in this regard. The court determines that the magistrate judge's findings and recommendation regarding the Hearing Officer's decision with respect to PT, OT, AT, and FBA are **correct**, and **accepts** them as those of the court. Rather than vacating the portions of the Hearing Officer's decision dealing with PT, OT, AT, and FBA, however, the court will reverse them. Having determined that the Hearing Officer's decision with respect to PT, OT, AT, and FBA should be reversed, the court **rejects** the magistrate judge's findings and recommendation that Plaintiffs are prevailing parties as to these issues.

### 2.     In-Home Training Assessment and Increased Counseling

The court also **rejects** the magistrate judge's findings and recommendation that Plaintiffs are prevailing parties as a result of the Hearing Officer's decision with respect to an in-home training assessment and increased counseling time. "Under the IDEA, a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped

**Memorandum Opinion and Order – Page 11**

child and (2) fosters the purposes of the IDEA." *Alief Indep. Sch. Dist. v. C.C. ex rel. Kenneth C.*, 713 F.3d 268, 269 (5th Cir. 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 421-22 (1983)). A party need not prevail on every issue to achieve prevailing party status; however, "she must prevail on some significant issue in litigation *which achieves some of the benefit the parties sought in bringing suit*." *Alief Indep. Sch. Dist.*, 713 F.3d at 269 (emphasis added) (quoting *Hensley*, 461 U.S. at 433). In other words, the plaintiff must "receive at least some relief on the merits of [her] claim before [she] can be said to prevail." *Alief Indep. Sch. Dist.*, 713 F.3d at 270 (citation and internal quotation marks omitted); *see also Salley v. St. Tammany Parish Sch. Bd.*, 57 F.3d 458, 468 (5th Cir. 1995) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992) for the proposition that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). In addition, "the relief obtained must be a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *Alief Indep. Sch. Dist.*, 713 F.3d at 269 (quoting *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009)).

Plaintiffs contended in their Hearing Request that MISD failed to assess and address D.B.'s need and eligibility for in-home training and counseling services. Plaintiffs' request for relief in this regard, however, is based on their contention that MISD had misclassified D.B.'s disability. Plaintiffs specifically disputed, in their Hearing Request, MISD's assessment that D.B. suffered from an emotional disturbance because they believed that D.B.'s learning disability was attributable to other causes. It was for this reason that Plaintiffs contended that MISD should have but failed to provide services directed at disability classifications other than that for emotional disturbance. In addition, Plaintiffs took the position that the services offered by MISD to D.B. did not comply with

the requirements for dyslexia services. During the administrative hearing, D.B.'s mother similarly testified that she previously rejected services offered by MISD because she beliefed that the training or counseling offered by MISD did not address what she perceived as D.B.'s real problems, which she believed to be autism and dyslexia. Report 14; R. 3687.

The Hearing Officer, however, rejected all of these contentions by Plaintiffs. The Hearing Officer concluded that MISD's identification of "emotional disturbance" was appropriate, and that the evidence did not support Plaintiffs' contention that D.B. had a learning disability, OHI based on ADHD, or autism. The Hearing Officer also found that the special education program developed by MISD for D.B. addressed his needs as to dyslexia and that MISD had conducted appropriate assessments to address dysgraphia and to assess D.B.'s skills in written expression. Based on these findings on the merits and other findings pertaining to the timeliness of Plaintiff's Hearing Request and failure to meet their burden of proof, the Hearing Officer resolved Plaintiffs' specific contentions regarding evaluations and assessments, and in particular those pertaining to in-home training and counseling, in MISD's favor and concluded that the program developed by MISD provided D.B. with the requisite meaningful educational benefit with regard to academic skills, which was Plaintiff's primary concern and reason for requesting a due process hearing.

The Hearing Officer nevertheless determined that MISD should take certain additional limited action to assess and address D.B.'s behavioral issues arising from his emotional disturbance disability classification. Although not requested, the Hearing Officer also increased D.B's counseling time to address behavioral issues stemming from the emotional disturbance. As previously noted, the IDEA does not preclude a hearing officer from ordering a local educational agency to comply with statutory procedural requirements, 20 U.S.C. § 1415(f)(3)(E)(iii), and the

record supports the Hearing Officer's decision in this regard. It does not necessarily follow, however, that Plaintiffs are prevailing parties, as the type of relief ordered by the Hearing Officer to address D.B.'s behavioral issues is inconsistent with the relief actually requested by Plaintiffs. Moreover, D.B.'s mother previously rejected training or counseling offered by MISD for this very purpose because she felt that the services offered did not address what she perceived as D.B.'s real problems – autism and dyslexia. Report 14; R. 3687. Thus, Plaintiffs did not obtain actual relief on the merits of their claim and are not prevailing parties under the IDEA because the relief awarded by the Hearing Officer is not a benefit that Plaintiffs sought in bringing suit and therefore does not qualify as relief on the merits. *See Salley*, 57 F.3d at 468; *Alief Indep. Sch. Dist.*, 713 F.3d at 271. The court will therefore deny Plaintiffs' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment.

    **C.    Whether MISD is Entitled to Recover Its Attorney's Fees and Costs**

In its objections, MISD requests, without explanation, that the court enter an order requiring Plaintiffs to reimburse it for the costs incurred in complying with the Hearing Officer's decision. In conjunction with its summary judgment motion, MISD also requested an award of attorney's fees under the IDEA as a result of Plaintiffs filing the administrative proceeding and this action. MISD contends the administrative proceeding and this action by Plaintiffs for attorney's fees are frivolous because the Hearing Officer decided most of the issues raised by Plaintiffs in MISD's favor. The magistrate judge recommended that the court decline to consider MISD's request for attorney's fees because it was raised for the first time in its reply brief. Although the magistrate judge reached the correct result procedurally, the court, rather than accept the magistrate judge's recommendation

**Memorandum Opinion and Order – Page 14**

based on procedural grounds, will address the merits of MISD's request for attorney's fees and costs under the IDEA.

Under the IDEA, it is within the court's discretion to award attorney's fees as part of costs to the school district against the parents or the parents' attorney if it determines that the parents' due process hearing request or a subsequent action is "frivolous, unreasonable, or without foundation"; was litigated "after the litigation clearly became frivolous, unreasonable, or without foundation"; or "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III).  While MISD contends that it should be awarded attorney's fees and costs, there is insufficient evidence in the record to support a finding that the administrative proceeding or this action is "frivolous, unreasonable, or without foundation"; was litigated "after the litigation clearly became frivolous, unreasonable, or without foundation"; or  "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *See id.*  MISD simply makes the global assertion but points to no evidence in the record to support its argument. That a party ultimately loses does not necessarily entitle a defendant to an award of attorney's fees under the Act. If it did, such a result would deter proceedings by those litigants who in good faith believed that the Act was violated but refused to pursue legal proceedings because of the fear of an award of attorney's fees. The court will therefore deny MISD's summary judgment motion with respect to its request for attorney's fees and costs under the IDEA.

## IV. Conclusion

For the reasons explained, the court **accepts in part and rejects in part** the findings and conclusions of the magistrate judge.  The court concludes that the Hearing Officer was not precluded

**Memorandum Opinion and Order – Page 15**

under the IDEA from ordering MISD to comply with certain procedural requirements, notwithstanding her determination that D.B. had not been denied a FAPE, and that the IEPs in effect for the relevant period were reasonably calculated to provide D.B. with the requisite meaningful educational benefit. While the rationale relied on by the magistrate judge as to this issue was incorrect, the magistrate judge reached the correct result. The court therefore **accepts, as modified**, the magistrate judge's recommendation as this issue.

Further, the court **accepts** the magistrate judge's findings and recommendation that the Hearing Officer's decision regarding PT, AT, OT, and FBA should be reversed. The court, for reasons explained, **rejects** the magistrate judge's recommendation that Plaintiffs are prevailing parties as to the Hearing Officer's decision regarding PT, AT, OT, and FBA. The court also **rejects** the magistrate judge's findings and recommendation that Plaintiffs are prevailing parties with respect to in-home training assessment and increased counseling issues, as the relief awarded by the Hearing Officer in this regard is not a benefit that Plaintiffs sought in bringing suit and therefore does not qualify as relief on the merits. The court **accepts** the magistrate judge's recommendation, which was not objected to by Plaintiffs, that Plaintiffs are not prevailing parties as to the other issues decided by the Hearing Officer. The court, however, **rejects** the magistrate judge's recommendation, based on procedural grounds, regarding MISD's request for attorney's fees and costs under the IDEA.

Accordingly, the court **overrules** MISD's objections with respect to the Hearing Officer's authority to award relief or issue orders in light of her FAPE determination; **sustains** MISD's objections with respect to the prevailing party issue; **reverses** the Hearing Officer's decision with respect to PT, AT, OT, and FBA; and **affirms** the Hearing Officer's decision in all other respects.

The court **grants in part and denies in part** Defendant Mabank Independent School District's Cross-Motion for Summary Judgment (Doc. 28). Specifically, MISD's summary judgment motion is **granted** with respect to Plaintiffs' claim for attorney's fees; **granted** with respect to its appeal of the Hearing Officer's decision regarding PT, AT, OT, and FBA reversed by the court; and **denied** with respect to its requests for attorney's fees and costs of complying with the Hearing Officer's decision. Further, the court **denies** Plaintiffs' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment (Doc. 27), and **dismisses with prejudice** this action. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 7th day of April, 2014.

Sam A. Lindsay
United States District Judge